IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James W. SNYDER, Attorney at Law.

OFFICE OF LAWYER REGULATION, Complainant,

v.

James W. SNYDER, Respondent.

Supreme Court

*No. 01–0387–D. Filed March 9, 2001.*

2001 WI 17

(Also reported in 623 N.W.2d 512.)

## ORDER

Upon consideration of the petition filed pursuant to SCR 22.19 by Attorney James W. Snyder requesting the consensual revocation of his license to practice law in this state, and upon consideration of the summary of misconduct allegations against petitioner being investigated by the Office of Lawyer Regulation, and that Office's recommendation in support of the request for consensual license revocation (documents attached and incorporated by reference),

IT IS ORDERED that the license of James W. Snyder to practice law in this state is revoked as of the date of this order.

IT IS FURTHER ORDERED that James W. Snyder comply with the provisions of SCR 22.26

concerning the duties of a person whose license to practice law has been revoked.

BRADLEY and PROSSER, J.J., did not participate.

Cornelia G. Clark<br>
Clerk of Supreme Court

## STATE OF WISCONSIN—IN SUPREME COURT

In the Matter of Disciplinary
Proceedings Against:

JAMES W. SNYDER,
 Attorney at Law,
 Petitioner.

CASE CODE: 30912
CASE NO.: 01–0387–D

## OFFICE OF LAWYER REGULATION'S RECOMMENDATION ON PETITION FOR CONSENSUAL LICENSE REVOCATION

TO: THE HONORABLE JUSTICES OF THE WIS
CONSIN SUPREME COURT

The Office of Lawyer Regulation ("OLR") respect-
fully recommends that the Court grant the Petition of
James W. Snyder ("Petitioner"), and revoke Peti-
tioner's license to practice law in Wisconsin.

Petitioner's *Petition for Consensual License Revo-
cation* and the *Director's Summary of Misconduct
Allegations Being Investigated* are attached hereto and
incorporated herein by reference.

Petitioner was admitted to practice law in Wiscon-
sin on May 18, 1981 (Wisconsin State Bar No. 1014652)
and practiced in the Appleton area. Petitioner's license

to practice law in Wisconsin has been suspended since October 12, 2000.[1]

Petitioner acknowledges that he cannot successfully defend himself against serious professional misconduct allegations that are summarized in an attachment to his Petition. Petitioner has had the benefit of legal representation in this matter.

Petitioner admits his inability to defend against misconduct allegations in an estate matter. The misconduct under investigation includes allegations that Petitioner made more than one dishonest, deceitful filing to the probate court, that he offered false evidence to that court, that he lied to two charitable beneficiaries in the matter about funds to which they were entitled and that he accepted payments for his firm that amounted to more than a tenfold increase over the amount he had claimed in a filing to the court that his firm had received.[2]

Petitioner filed a compliance affidavit pursuant to SCR 22.26 in which he indicated that he discontinued the practice of law, effective September 5, 2000, and that he represents no clients in pending matters. Petitioner's former firm has made full restitution to the two beneficiaries (the American Lung Association and the American Cancer Society).* The OLR is not requesting

[1] The Court's October 12, 2000 temporary suspension order is provided as Exhibit 1 to Appendix A, as attached to Mr. Snyder's Petition.

[2] The misconduct is more specifically described in the *Director's Summary of Misconduct Allegations Being Investigated*, at paragraph 10(a)–(d).

* The Office of Lawyer Regulation (OLR) submitted a letter dated February 27, 2001, noting that restitution was actually made by Mr. Snyder's family and not his former law firm.

a restitution order in connection with the proposed revocation of Petitioner's law license.

Under the circumstances, a formal order of the Wisconsin Supreme Court revoking Petitioner's license to practice law in Wisconsin is warranted. The OLR respectfully files this *Recommendation* in support of Mr. Snyder's *Petition for Consensual License Revocation,* and recommends to the Court that it grant the petition and order the immediate revocation of Petitioner's license to practice law in Wisconsin.

The OLR does not seek an assessment of costs in this matter.

Dated this 6th day of February, 2001.

OFFICE OF LAWYER REGULATION

By: /s/ William J. Weigel

WILLIAM J. WEIGEL,
Litigation Counsel
State Bar No. 1010549

ADDRESS:
110 East Main Street, Room 315
Madison, WI 53703
Telephone: (608) 267–7274
Fax: (608) 267–1959

STATE OF WISCONSIN—IN SUPREME COURT

IN THE MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST JAMES W.
SNYDER, ATTORNEY AT LAW

OFFICE OF LAWYER REGULATION,
 Complainant,

JAMES W. SNYDER,
 Respondent.

CASE CODE: 30912
CASE NO.: 01–0387–D

## PETITION FOR CONSENSUAL
## LICENSE REVOCATION

TO: THE HONORABLE JUSTICES OF THE WIS
 CONSIN SUPREME COURT

Pursuant to SCR 22.19, I, Attorney James W. Snyder, hereby petition the Court as follows:

1. I became licensed to practice law in the State of Wisconsin on May 18, 1981 (State Bar No. 1014652). On October 12, 2000, the Wisconsin Supreme Court ordered my law license temporarily suspended, effective October 12, 2000 (Exhibit 1 to Appendix A, attached). My current address is 2942 West Hiawatha Drive, Appleton, Wisconsin 54914–6708.

2. I am the subject of an Office of Lawyer Regulation ("OLR") misconduct investigation.

3. A summary of the misconduct allegations is attached hereto as *Director's Summary of Misconduct Allegations Being Investigated* (Appendix A).

4. I acknowledge that I cannot successfully defend myself against the professional misconduct allegations in Appendix A.

5. I am filing this Petition freely, voluntarily and with the benefit of the advice of counsel.

ACCORDINGLY, I hereby petition this Court for consensual license revocation, pursuant to SCR 22.19. Respectfully submitted, this 17th day of January, 2001.

/s/ James W. Snyder

JAMES W. SNYDER,
Petitioner

P.O. Address:
James W. Snyder
c/o Atty. Joseph J. Beisenstein
Menn, Teetaert & Beisenstein, Ltd.
222 North Oneida Street
P.O. Box 785
Appleton, WI 54912–0785
(920) 731–6631

## STATE OF WISCONSIN—IN SUPREME COURT

IN THE MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST JAMES W.
SNYDER, ATTORNEY AT LAW

OFFICE OF LAWYER REGULATION,
 Complainant,

JAMES W. SNYDER,
 Respondent.

CASE CODE: 30912
CASE NO.: 01–0387–D

## DIRECTOR'S SUMMARY OF MISCONDUCT ALLEGATIONS BEING INVESTIGATED

### BACKGROUND

On October 12, 2000, the Wisconsin Supreme Court ordered the law license of James W. Snyder ("Petitioner") temporarily suspended, effective October 12, 2000 (Exhibit 1). That temporary suspension, sought by the Board of Attorneys Professional Responsibility ("BAPR"), predecessor-in-interest to the Office of Lawyer Regulation ("OLR"), was not opposed by Petitioner.

Petitioner has indicated his intent to file a Petition for Consensual License Revocation acknowledging his inability to successfully defend against the misconduct allegations being investigated by the OLR.

## SUMMARY OF FACTS AND MISCONDUCT ALLEGATIONS

1. OLR staff investigator, Melody Rader-Johnson began conducting an investigation of Petitioner following the filing of a grievance against him by successor counsel in an Outagamie County estate matter. Petitioner had been the original attorney for the estate, but was removed by the Court after failing to appear at the last of a string of status hearings ordered by the court. The grievance investigation originally concerned Petitioner's possible neglect of this and other Outagamie County estates. Moreover, successor counsel in the estate informed BAPR that the file for the estate contained a check payable to a beneficiary of the estate which had been written more than a year earlier, but had not yet been sent, even though Petitioner had informed the court that the check had been forwarded to that beneficiary.

2. In December 1998, Petitioner filed with the Register in Probate an Amended Final Account for the Estate of Pearl Domke (Outagamie County Probate Case No. 95–IN–239) which indicated that distributions had been paid out from the Domke Estate as follows: $235,012.21 to the personal representative, $39,168.71 to the American Cancer Society and $39,168.71 to the American Lung Association. The Amended Final Account also indicated that Petitioner's firm had received $7,000 in attorneys fees.

3. On December 14, 1998, Petitioner filed with the Register in Probate, Receipts and Releases purportedly signed by representatives from the American Lung Association and the American Cancer Society indicating that each charity had received a distribution of $39,168.71 from the Domke Estate. After receiving the executed Receipts and Releases, the Probate Court

closed their file for the Domke Estate. In fact, however, as of December 14, 1998, neither the Lung Association nor the Cancer Society had received any distribution from the Domke Estate.

4. During 1999, after Petitioner received several requests from the charities as to when they might expect to receive their distributions from the Domke Estate, Petitioner forwarded trust account checks to the charities in the amount of $13,968.71 each. Petitioner informed the charities that these checks were for partial distributions from the estate and that the charities could expect to receive their final distribution after the remainder of the bequest was liquidated. The charities, however, received no further distribution from the estate.

5. In May 2000, Investigator Rader-Johnson received information from the American Lung Association that they had not received their final distribution from the Pearl Domke Estate. The Lung Association also indicated that they had recently learned that the Outagamie County probate file contained a Receipt and Release purportedly executed by an employee of the Lung Association acknowledging receipt of the final distribution. The Lung Association asserted that the signature on the Receipt was probably forged since the Receipt contained a signature of an employee who left their employment in August 1998.

6. On or about August 3, 2000, Investigator Rader-Johnson received information from the American Cancer Society alleging that they had not received their final distribution from the Pearl Domke Estate and that the Receipt and Release on file with the probate court acknowledging receipt of the final distribution contained a forged signature.

7. Upon receiving this information from the Lung Association and the Cancer Society, Investigator Rader-Johnson reviewed Outagamie County probate files, met with and obtained sworn testimony from the Petitioner and reviewed bank records and other materials.

8. Based on the figures contained in the Amended Final Account from the Domke Estate, the Lung Association and the Cancer Society should have received a total of approximately $78,300. As of the spring of 2000, the charities had received only approximately $27,500, rendering the Amended Final Account filed by Petitioner to be grossly inaccurate by leaving approximately $50,700 unaccounted for.

9. Additionally, bank records from the Domke Estate show that between April 27, 1996 and November 24, 1998, there were 14 checks made payable to Petitioner's firm totaling $72,000 purportedly written by the estate's personal representative. Petitioner reported on the Amended Final Account that his firm had only received $7,000 in legal fees. The Amended Final Account does not disclose the additional $65,000 in disbursements from the estate to Petitioner's firm.

10. The investigation of Petitioner's conduct has to date revealed that Petitioner engaged in the following misconduct:

a) In filing the Amended Final Account for the Pearl Domke Estate in December, 1998, which indicated that final disbursements had been made from the Estate to all of the beneficiaries, including the American Lung Association and the American Cancer Society, when Petitioner knew that final disbursements had not been made from the Domke Estate to those charities, Petitioner engaged in con-

duct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).

b) In preparing and filing the Receipts and Releases dated December 14, 1998 which contained forged signatures of representatives from the American Lung Association and the American Cancer Society indicating that each charity had received their final distribution of approximately $39,000 from the Pearl Domke Estate, when Petitioner knew that neither charity had received any distribution from the Domke Estate as of that date, Petitioner knowingly offered evidence that he knew to be false, contrary to SCR 20:3.3(a)(4), and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).

c) In stating to the American Lung Association and the American Cancer Society in October 1999, that the remainder of the bequests to the charities would be forthcoming, when Petitioner knew the Domke Estate had been closed since December 1998, Petitioner engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).

d) In accepting payments of $72,000 to his firm from the Domke Estate, but filing an Amended Final Account showing that the firm had received only $7,000 from the Domke Estate, Petitioner engaged in dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).

Dated this 9th day of January, 2001.

OFFICE OF LAWYER REGULATION

By: /s/ Keith L. Sellen

KEITH L. SELLEN
Director
State Bar No. 1001088

ADDRESS:
110 East Main Street, Room 315
Madison, WI 53703
Telephone: (608) 267–7274
Fax: (608) 267–1959

Office of the Clerk
## SUPREME COURT
110 E. MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.courts.state.wi.us

To: October 12, 2000

Office of Lawyer Regulation James W. Snyder
110 E. Main Street, #315 Krause, Metz & Snyder
Madison, WI 53703-3383 15 Park Place
 Appleton, WI 54915
Joseph J. Beisenstein
Menn Nelson Law Firm William J. Weigel
P.O. Box 785 Office of Lawyer Regulation
Appleton, WI 54912-0785 110 E. Main Street, Rm. 315
 Madison, WI 53703

You are hereby notified that the Court has entered the following order:

No. XX-014062-D Matter of Disciplinary Proceedings Against James W. Snyder:
 BAPR v. Snyder

On September 27, 2000, the Board of Attorneys Professional Responsibility filed a notice of motion and motion and supporting affidavit seeking the temporary suspension of the license of James W. Snyder to practice law in Wisconsin, pursuant to SCR 22.30(1); this court ordered a response on October 4, 2000 and he indicated he has no objection to the motion;

IT IS ORDERED that the motion is granted. The license of Attorney Snyder to practice law is temporarily suspended as of the date of this order and until further notice of this court. He shall further comply with the requirements of SCR 22.26 relating to license suspension if he has not already done so.

*Cornelia G. Clark*
*Clerk of Supreme Court*

Exhibit 1